## MACK KRANER *v.* THE STATE.

1. CRIMINAL PROCEDURE.  *Witness.  Trial.*
   At a trial for murder the court may direct the jury to retire until the testimony of a witness is heard by the judge and its competency determined.

2. EVIDENCE.  *Res gestœ.  Homicide.*
   Declarations of a wounded combatant descriptive of the fight are inadmissible after his death, at the trial of his slayer, if made several minutes after the latter left the scene of conflict.

APPEAL from the Circuit Court of Grenada County.
HON. A. T. ROANE, Judge.

At the appellant's trial for murdering John Greiner, which resulted in a conviction of manslaughter, the State's evidence showed that he went into the shop of Greiner, who was a butcher, and demanded something from his son ; that, getting angry at the boy's refusal, he became abusive, and Greiner attempted to put him out; that, in the scuffle which ensued, he cut Greiner with a knife and struck him with a brick ; and that, although the wounds were slight, erysipelas supervened and Greiner died. The appellant then introduced J. W. Postell, and the district attorney asked that the jury should be required to withdraw until the competency of this witness's testimony, which he learned related to occurrences subsequent to the fight, should be determined by the court. The jury, by direction of the judge, retired from the court-room under proper instructions and in charge of sworn officers ; and to this the appellant excepted. Postell's testimony, which was then heard by the judge in the absence of the jury and excluded, was as follows : The appellant came into his bar-room, about sixty yards from Greiner's shop, and told him of the difficulty. Postell went to the shop, five minutes after the fight, and saw Greiner covered with blood. He seemed freshly cut, was very angry, and had a large knife in his hand. Speaking in broken English, he was understood by the witness to say : " Damn—struck me brick—cut his throat—kill

him he not hit me with brick—had him by throat—would have kill him like a beef." The jury then returned into the court-room, and the appellant testified in his own behalf that he struck Greiner in self-defense, without intending to kill him.

*FitzGerald & Whitfield*, for the appellant.

The declaration which Postell was offered to prove was part of the *res gestæ*, although made by the injured man after the fight occurred. The rule is not that the verbal act, in order to be admissible, must take place while the combat is in progress, but what is said immediately before or after the fray is competent if it tends to illustrate the conflict. It is said that the principal question is whether the declaration is contemporaneous with the main fact under consideration. *Meek* v. *Perry*, 36 Miss. 190. But this relates not so much to exact coincidence in time as to unity of effect. They must be all parts of the same thing, either figures in the landscape or touches of color which bring out the meaning of the picture. *Holman* v. *Murdock*, 34 Miss. 275. If the declaration is connected with or grows out of the act, it is admissible although made after the lapse of some time. 1 Greenl. Evid., § 108 and notes. The declaration of a person who is wounded and bleeding that the defendant has stabbed her, though made so long after the occurrence that she went up-stairs from her room to another, is admissible in evidence after her death. *Commonwealth* v. *M'Pike*, 3 Cush. 181.

*Slack & Longstreet*, on the same side.

*J. J. Slack*, on the same side.

The jury is an essential part of a court. No court can try a person for alleged crime without the aid of a jury. The court is as much disorganized by the absence of the jury as it would be by that of the judge. Under the constitution, the accused was entitled to look upon the jury during every step in the progress of his trial. After the court is organized and the trial begins, the proceeding must be public, that the accused shall have the right to view the actions of the jury, and see that everything is fairly done. Power to send the jury from the court-room at the most critical point in the trial is one which no judge possesses. If the jurors

hear testimony which is afterward held to be incompetent, the court can charge them to disregard what they have heard. The testimony was, however, manifestly competent. All declarations made at the time the main fact under consideration takes place, and which are so connected with it as to illustrate its character, are admissible as original evidence. *Scott* v. *State,* 56 Miss. 287.

*T. C. Catchings,* Attorney General, for the State.

1. There is nothing in the objection that pending the consideration of the admissibility of the testimony of Postell the jury were taken from the court-room. The question being tried was one with which they had nothing to do. While a jury is a necessary feature of a court in the trial of offenses, there are many questions arising during a trial which the court alone can pass upon, and when such questions arise the jury need not be present. It was entirely proper to have them absent.

2. Tested by the rule laid down in *Field* v. *State,* 57 Miss. 474, the proposed testimony of Postell was properly rejected. The statement of Greiner was not contemporaneous with the fight, was a mere narrative of what had occurred, and was made some minutes after the fight was over. The accused had gone some sixty yards to the saloon kept by Postell, had given him an account of the difficulty, and, after all this, Postell had come to where Greiner was. If the statement made by Greiner had been damaging to the accused, it is certain that under the circumstances it could not have been introduced against him. If it would have been inadmissible against him, it is inadmissible for him.

COOPER, J., delivered the opinion of the court.

The exception of the appellant taken to the action of the court in directing the jury to retire while the court heard the testimony of the witness, Postell, to determine its competency, is not well taken. While the jury is a component of the court, it is not a part of its duty to determine upon the competency of evidence, nor is it necessary that it should be present while the judge examines a witness to determine upon the competency of his testimony. The practice of retiring the jury in such cases is to be commended

rather than condemned, since its effect is to keep the jury wholly uninformed as to extraneous matters which in no event should be considered by it in forming the verdict.

The court properly excluded the testimony of the witness, Postell. The facts proposed to be proved by him consisted of a narration by the deceased of the circumstances of the difficulty several minutes after it had ended and the accused had withdrawn from the scene. The statements were not verbal acts of the deceased illustrating or connected with a present occurrence or connected with and a part of the one just concluded. If the statements of the deceased were a part of the *res gestæ*, they would be equally admissible whether favorable or unfavorable to the accused, for it is not the purport but the character of the evidence which determines its competency. If the declarations had been unfavorable to the defendant, and had been offered by the State against him, it would have been difficult to show their competency, since a sufficient time had elapsed for the fabrication of them by the deceased. There are, and in the nature of things must be, many cases in which the proposed testimony lies so near the line that it is difficult to determine upon its competency. But such is not the case here. *Boles* v. *State,* 24 Miss. 445 ; *Regina* v. *Osborne,* 1 Car. & M. 622.

*Judgment affirmed.*